IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THE PARKS CONDOMINIUMS** on its own behalf and on behalf of its members, | § § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. **3:22-CV-2500-L** |
| | § | |
| **THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY**, | § § § § | |
| Defendant. | § § | |

# **ORDER**

The Findings, Conclusions and Recommendation of the United States Magistrate Judge David L. Horan ("Report") (Doc. 28) was entered on December 7, 2023, recommending that the court **grant in part and deny in part** Defendant Princeton Excess and Surplus Lines Insurance Company's ("Defendant") Motion to Compel Appraisal and Abatement ("Motion") (Doc. 16); **compel** appraisal; and **decline** to abate this action. Report 14. On December 21, 2023, Defendant filed objections to the Report ("Objection") (Doc. 29) arguing that it incorrectly declined to abate the action. On January 11, 2024, Plaintiff Parks Condominium ("Plaintiff") filed a response to Defendant's Objection ("Response to Objection") (Doc. 30), arguing that the Report correctly declined abatement. Plaintiff did not separately file objections to the Report.

Since neither party objects to the Report's recommendation to compel appraisal, the court reviewed this section of the Report for plain error. Finding no error, the court **agrees** with the Report's recommendation to grant the Motion as to Defendant's request to compel appraisal. The court next considers the Report's recommendation that abatement should be declined. In its Objection, Defendant argues that "abatement is necessary to avoid potential conflicting outcomes

Order – Page 1

and to prevent judicial outcomes." Obj. 2. In reaching this conclusion, Defendant relies on a decision issued by the undersigned wherein he ruled in favor of abatement. *Id.* (citing *Lee v. Liberty Ins. Corp.*, No. 3:19-CV-321-L, 2020 WL 13134082 (N.D. Tex. Apr. 18, 2020) (Lindsay, J.)). Plaintiff argues that "litigation should proceed because appraisal will not resolve all issues in this case," and that "[m]ultiple courts in the Northern District of Texas have refused to order abatement when issues other than the amount of loss are also in dispute." Doc. 30 at 2-5.\* In response to Defendant's reliance on *Lee*, Plaintiff argues that it "is significantly and substantively distinguishable from the present case," because: (1) "the policy at issue in *Lee* expressly required appraisal as a mandatory condition precedent to filing litigation;" (2) in *Lee* "the disputed amount of the unpaid loss was a mere $5,000," where as the approximate "unpaid covered losses" here is "$1,067,000;" and (3) "this [c]ourt has not abated any aspect of discovery" like the magistrate judge did in *Lee*. *Id.*

First, although other courts within this district have held that abatement is not required, those decisions are not binding on this court. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") Second, although the court agrees with Plaintiff that the facts in *Lee* can be distinguished from the facts in this action, these differences do not prohibit it from reaching the same conclusion. Third, Plaintiff's conclusory assertions regarding potential prejudice are insufficient. Finally, the court ultimately retains discretion to abate proceedings pending appraisal, *see In re Allstate Cnty. Mut. Ins.*, 85

---

\* (first citing *Snyder Lodging Group, LLC v. Acuity*, No. 5:23-cv-193-H-BQ, 2023 WL 8459480 *4-5 (N.D. Tex. Dec. 5, 2023) (Hendrix, J.); then citing *Hart Chesnutt, LLC v. Covington Specialty Ins.*, 622 F. Supp. 3d 306, 316 (N. D. Tex. 2022) (Bryant, M.J.); then citing *Martinez v. Nationwide Gen. Ins.*, No. 3:19-cv-01541-X, 2020 WL 3606399 (N. D. Tex. July 2, 2020) (Starr, J.); then citing *Carter v. Underwriters at Lloyd's, London*, No. 7:17-cv-00127-O, 2018 WL 10483854, at *2 (N.D. Tex. July 27, 2018) (O'Connor, J.); and then citing *Devonshire Real Estate & Asset Mgmt., LP v. Am. Ins. Co.*, No. 3:12-CV-2199-B, 2013 WL 12124308, at *5 (N.D. Tex. Mar. 26, 2013) (Boyle, J.).

S.W.3d 193, 196 (Tex. 2002) ("While the trial court has no discretion to deny the appraisal, the court does have some discretion as to the timing of the appraisal."); and, the court has "inherent authority to manage [its] docket[ ] to ensure 'the orderly and expeditious disposition of cases'" pending before it. *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (citation omitted).

Therefore, as the court stated in *Lee*:

> Allowing litigation to proceed in piecemeal fashion with respect to [Plaintiff's] extracontractual claims while litigation with respect to his contractual claim is stayed would be inefficient. Proceeding in this manner would also waste scarce judicial resources, as it would require separate scheduling orders and deadlines—essentially two separate tracks for litigating and deciding issues pertaining to the contractual and extracontractual claims, including resolution of any motions filed by the parties. The appraisal process may not resolve all issues in this case unless a settlement is reached, but it will likely narrow the issues to be litigated.
>
> Moreover, as noted by the Texas Supreme Court in *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009), "unless the 'amount of loss' will never be needed … appraisals should generally go forward without preemptive intervention by the courts." Based on this reasoning, the court determines that the appraiser(s) or umpire that conduct the appraisal in this case are in the best position to determine whether the loss amount can be assessed in light of the repairs already made by [Plaintiff], and this is not a valid basis for the court to deny [Defendant's] request for abatement or interfere with the appraisal procedure agreed upon by the parties in the Policy.

*Lee*, 2020 WL 13134082 at *2. Accordingly, the court **sustains** Defendant's objection to this section of the Report, and **overrules** the Report's recommendation to decline abatement of this action.

Having reviewed the Motion, response, reply, Objection, Response to Objection, file, record, and Report, the court determines that the findings and conclusions of the magistrate judge are correct to the extent stated herein, and **accepts** them as those of the court. The magistrate judge correctly determined that appraisal should be compelled; however, the court **rejects** the recommendation that this action should not be abated. The court, therefore, **grants** Defendant's

Motion in its entirety; **abates** all proceedings in this action pending completion of the appraisal process; **orders** Plaintiff to participate in and comply with the appraisal process in accordance with the Policy; **vacates** all pretrial and trial deadlines; and **orders** the appraisal to move forward **expeditiously** to avoid unnecessary delay.

Further, rather than stay the action, the court will administratively close it. Any case over three years old is considered an "old" case by the Administrative Office of the United States' Courts ("Administrative Office") and is put on a national report. The age of a case continues to accrue if it is merely stayed; however, if it is administratively closed, the time is tolled, and the case does not age. Accordingly, the court determines that this case should be, and is hereby, **administratively closed**. The United States District Clerk is hereby **instructed** to submit JS-6 form to the Administrative Office, thereby removing this case from the statistical records. Nothing in this order shall be considered a dismissal or disposition of this case. The parties **shall** file a written joint status report every 60 days (starting from the date of this order) or within 14 days of completing the appraisal process, whichever is earlier, to notify the court regarding the status of the appraisal process, any settlement efforts, and the appropriateness of reopening of the case.

**It is so ordered** this 23rd day of February, 2024.

Sam A. Lindsay
United States District Judge

Order – Page 4